IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JUDY DILLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 16-cv-91 |
| | ) |
| HOLIDAY ACRES STABLES, | ) |
| HOLIDAY ACRES PROPERTIES, | ) |
| INC, and STEVE KRIER, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff Judy K. Dilley, by and through her undersigned counsel, and for her Complaint against Defendants Holiday Acres Stables, Holiday Acres Properties, Inc., and Steve Krier, states as follows:

### JURISDICTIONAL ALLEGATIONS

1. At all times herein, Judy K. Dilley was a resident of Bloomington, Illinois.

2. At all times herein, Holiday Acres Stables ran a horse back riding facility located in Rhinelander, Wisconsin, affiliated with or owned by Holiday Acres Properties, Inc.

3. At all times herein, Holiday Acres Properties, Inc. was a vacation destination located in Rhinelander, Wisconsin. It advertises Holiday Stables on its website and lists "24. Go horseback riding on our wooded trails" as one of the *101 Activities at Holiday Acres*. (http://www.holidayacres.com/).

4. Holiday Acres Properties, Inc. is a corporation licensed under the laws of Wisconsin.

5. Upon information and belief, at all times herein, Steve Krier was the manager of

Holiday Acres Stables and resided in Rhinelander, Wisconsin.

6. The Court has jurisdiction pursuant to 28 U.S.C.§ 1332, because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

7. Venue is proper pursuant to 28 U.S.C. § 1391, because the majority of the facts giving rise to the suit occurred in and all of the defendants reside in the Western District of Wisconsin.

## FACTS COMMON TO ALL COUNTS

7. On or about July 17, 2015, plaintiff made a reservation with Defendant Holiday Acres Stables ("Stables") to join a group of people riding horses at Stables at 9:00 a.m. on July 25, 2016.

8. Plaintiff located the stables through an ad for both Holiday Acres Properties, Inc. ("Resort") and Stables. The ad showed a picture of a mother and daughter on one horse and a father and son on another horse in a grassy meadow. As a result of the ad, Plaintiff believed riding at the Stables would be very safe.

9. Plaintiff had never ridden a horse before in her life and informed Steve Kreier, the manager of the stables, of her inexperience.

10. When Plaintiff arrived at Stables at 8:50 am on July 25, 2015, Steve Krier was in the process leaving in his truck. He informed Plaintiff that the group was not going out until 10:30 a.m., but that she could ride alone and a member of the staff could take her.

11. Plaintiff parked her car and paid $22.00. She was not given a waiver to sign or an explanation of the risks of horseback riding. No signs were posted in the office or in any of the areas patrons waited to ride or in any conspicuous place. Plaintiff wrote a check to Steve Krier

who then got back in his truck and left the Stables.

12. Neither Krier nor the employee who was instructed to take plaintiff for a ride asked Plaintiff about her expectations for the ride or comfort level on a horse. They provided no instruction or basic information about riding and no explanation of the risks of horseback riding.

13. Plaintiff was not provided with a helmet or any safety gear before she was boosted into the saddle. No one checked her stirrup or reign length. As a result, her feet barely touched the stirrups and she could not reach the reigns.

14. The employee immediately began walking ahead of Plaintiff, with no one following Plaintiff to watch for her safety. No one assessed her on the horse she was riding, whose name she was never given, to make sure she was matched with an appropriate horse.

15. Because Plaintiff's feet weren't secure in the stirrups and she could not reach the reigns, she could not steer the horse she was riding. She could only hold onto the pommel of the saddle and try not to fall off.

16. The horse Plaintiff was riding veered to the right and then the left, attempting to pass the horse in front of it, on several occasions. Plaintiff believed her horse was used to leading and not following a horse in front of her.

17. Because there was not another rider or employee behind Plaintiff, no one saw the horse's multiple attempts to pass the other horse. The stable employee did nothing to stop the horse's erratic behavior.

18. Plaintiff informed the Stable employee, "I don't think I have a hold of the rope." The employee replied, without looking back, "Oh, don't worry, the horse knows where he wants to go."

19. Plaintiff's horse continued to try to pass the other horse until his muzzle was resting on the rump of the other horse. Plaintiff was about to say, "Stop. I want to get off," when the front horse kicked her horse, causing Plaintiff's horse to rear up, throwing Plaintiff off backwards landing on her back and hitting her head.

20. The fall knocked Plaintiff unconscious. She awoke in a helicopter on her way to St. Joseph's Hospital in Marshfield, Wisconsin.

21. As a result of the fall, Plaintiff sustained sixteen broken ribs, two broken vertebrae, a subarachnoid hemorrhage (including short-term memory loss), cuts and abrasions. She spent four months in an assisted care facility until she was able to return home, and continues to treat for her injuries.

## COUNT I – NEGLIGENCE *PER SE*
### (ALL PARTIES)

1-21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of Plaintiff's Complaint as paragraphs 1 through 21 of Count I.

22. Section 895.481(1)(e) of the Wisconsin Statutes imposed on defendants a duty to "post and maintain signs in a clearly visible location on or near stables, corrals or arenas owned, operated or controlled by the equine professional. The signs shall be white with black lettering, each letter a minimum of one inch in height, and shall contain the following notice: "Notice: A person who is engaged for compensation in the rental of equines or equine equipment or tack or in the instruction of a person in the riding or driving of an equine or in being a passenger upon an equine is not liable for the injury or death of a person involved in equine activities resulting from the inherent risks of equine activities, as defined in section 895.481(1)(e) of the Wisconsin

Statutes."

23. Defendants did not maintain signs warning potential riders in a clearly visible location.

24. At that time and place, Defendants had a statutory duty under section 895.481(2) to exercise reasonable care in providing equine activities.

25. Defendants failed to exercise reasonable care in that they:

   a. Provided faulty and insufficient tack and equipment;

   b. Failed to make a reasonable effort to determine Plaintiff's ability to safely engage in equine activities, including trail riding;

   c. Failed to safely manage Plaintiff's horse based on Plaintiff's statement that she had never ridden a horse before;

   d. Failed to explain the inherently dangerous risks associated with horseback riding;

   e. Failed to safely match Plaintiff with a horse commensurate with her abilities;

   f. Failed to post and maintain signs in a clearly visible location alerting Plaintiff that horseback is an inherently dangerous activity.

   g. Failed to notice the horse's erratic behavior;

26. As a direct and proximate result of Defendants' negligence *per se*, Plaintiff sustained severe injuries to her ribs, vertebrae, and brain including but not limited to:

   a. pain and suffering in the past and reasonably certain to continue into the future;

   b. acute trauma, including brain damage, seventeen broken ribs, and two broken vertebrae;

    c.    permanent and significant damage to plaintiff's spine;

    d.    susceptibility to future injury, degeneration, deterioration, disease, or aggravation in her spine;

    e.    permanent disfigurement;

    f.    medical, hospital, nursing, therapeutic, diagnostic, and other expenses for reasonably necessary care and treatment of her injuries in the past and reasonably certain to occur in the future; and

    g.    disability, loss of function, and loss of enjoyment of life in the past and reasonably certain to occur in the future.

WHEREFORE Plaintiff Judy Dilley by her undersigned counsel prays this Honorable Court enter judgment in her favor, and against defendants Holiday Acres Stables, Holiday Acres Properties, Inc., and Steve Krier, in an amount which is fair and reasonable and sufficient to compensate her for her injuries, prejudgment interest, costs, and for such other and further relief as justice may require.

## COUNT II – NEGLIGENCE
### (Holiday Acres Stables and Steve Krier)

1-21.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of Plaintiff's Complaint as paragraphs 1 through 21 of Count II.

27.  At that time and place, Defendants had a duty to exercise reasonable care in providing equine activities.

28.  Defendants failed to exercise reasonable care in that they:

    a.    Provided faulty and insufficient tack and equipment;

    b.    Failed to make a reasonable effort to determine Plaintiff's ability to safely engage in equine activities, including trail riding;

    c.    Failed to safely manage Plaintiff's horse based on Plaintiff's statement that she had never ridden a horse before;

    d.    Failed to explain the inherently dangerous risks associated with horseback riding;

    e.    Failed to safely match Plaintiff with a horse commensurate with her abilities; and

29.    As a direct and proximate result of Defendants' negligence, Plaintiff sustained severe injuries to her ribs, vertebrae, and brain including but not limited to:

    a.    pain and suffering in the past and reasonably certain to continue into the future;

    b.    acute trauma, including brain damage, seventeen broken ribs, and two broken vertebrae;

    c.    permanent and significant damage to plaintiff's spine;

    d.    susceptibility to future injury, degeneration, deterioration, disease, or aggravation in her spine;

    e.    permanent disfigurement;

    f.    medical, hospital, nursing, therapeutic, diagnostic, and other expenses for reasonably necessary care and treatment of her injuries in the past and reasonably certain to occur in the future; and

    g.    disability, loss of function, and loss of enjoyment of life in the past and reasonably certain to occur in the future.

WHEREFORE Plaintiff Judy Dilley by her undersigned counsel prays this Honorable

Court enter judgment in her favor, and against defendants Holiday Acres Stables and Steve Krier, in an amount which is fair and reasonable and sufficient to compensate her for her injuries, prejudgment interest, costs, and for such other and further relief as justice may require.

### COUNT III – Negligence
### (Holiday Acres Properties, Inc.)

1-21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of Plaintiff's Complaint as paragraphs 1 through 21 of Count III.

30. Upon information and belief, at that time and place, Defendant Resort owned the property on which Defendant Stables operated its equine activities.

31. Defendant failed to exercise reasonable care in that they knew horseback riding that is an inherently dangerous activity that poses a natural risk of harm and failed to take precautions to make it safer.

32. As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe injuries to her ribs, vertebrae, and brain including but not limited to:

   a. pain and suffering in the past and reasonably certain to continue into the future;

   b. acute trauma, including brain damage, seventeen broken ribs, and two broken vertebrae;

   c. permanent and significant damage to plaintiff's spine;

   d. susceptibility to future injury, degeneration, deterioration, disease, or aggravation in her spine;

   e. permanent disfigurement;

   f. medical, hospital, nursing, therapeutic, diagnostic, and other expenses for

      reasonably necessary care and treatment of her injuries in the past and reasonably certain to occur in the future; and

  g.    disability, loss of function, and loss of enjoyment of life in the past and reasonably certain to occur in the future.

WHEREFORE Plaintiff Judy Dilley by her undersigned counsel prays this Honorable Court enter judgment in her favor, and against defendant Holiday Acres Properties, Inc. in an amount which is fair and reasonable and sufficient to compensate her for her injuries, prejudgment interest, costs, and for such other and further relief as justice may require.

### COUNT IV – Willful & Wanton Conduct
### (All Defendants)

1-21.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of Plaintiff's Complaint as paragraphs 1 through 21 of Count IV.

33.   At that time and place, Defendants had a duty to exercise reasonable care in providing equine activities.

34.   Defendants conduct evidenced a malicious, outrageous or a wanton disregard of personal rights and safety of the riders at the Stables, in that they knew horseback riding was an inherently dangerous activity that poses a natural risk of harm and wilfully and wantonly failed to take steps to mitigate the risk, in that they:

  a.    Failed to ensure the appropriate length of the reins and stirrups;

  b.    Failed to provide Plaintiff with a helmet;

  c.    Failed to evaluate Plaintiff's ability to ride on her own;

  d.    Failed to safely match Plaintiff with a horse commensurate with her abilities;

   e. Ignored Plaintiff's concerns about her ability to manage the horse during the ride;

   f. Failed to supervise a novice rider; and

   g. Failed to notice the horse's erratic behavior;

36. As a direct and proximate result of Defendants' negligence, Plaintiff sustained severe injuries to her ribs, vertebrae, and brain including but not limited to:

   a. pain and suffering in the past and reasonably certain to continue into the future;

   b. acute trauma, including brain damage, seventeen broken ribs, and two broken vertebrae;

   c. permanent and significant damage to plaintiff's spine;

   d. susceptibility to future injury, degeneration, deterioration, disease, or aggravation in her spine;

   e. permanent disfigurement;

   f. medical, hospital, nursing, therapeutic, diagnostic, and other expenses for reasonably necessary care and treatment of her injuries in the past and reasonably certain to occur in the future; and

   g. disability, loss of function, and loss of enjoyment of life in the past and reasonably certain to occur in the future.

WHEREFORE Plaintiff Judy Dilley by her undersigned counsel prays this Honorable Court enter judgment in her favor, and against defendants Holiday Acres Stables, Holiday Acres Properties, Inc., and Steve Krier, punitive damages and attorneys in an amount which is fair and reasonable and sufficient to compensate her for her injuries, prejudgment interest, costs, and for

such other and further relief as justice may require.

        ARMBRUSTER, DRIPPS,
        WINTERSCHEIDT & BLOTEVOGEL, LLC


        By:  /s/ Courtney C. Stirrat
            Roy C. Dripps #6182013
            Courtney C. Stirrat #6305084
            51 Executive Plaza Court
            Maryville, IL  62062
            618/208-0320
            F:  800/927-1529
            royd@adwblaw.com
            courtneys@adwblaw.com

        ***ATTORNEYS FOR PLAINTIFF JUDY DILLEY***