IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUDY DILLEY,

                Plaintiff,

  v.

HOLIDAY ACRES STABLES,
HOLIDAY ACRES PROPERTIES, INC., and
STEVE KRIER,

                Defendants.

ORDER

16-cv-091-jdp

---

    This is a personal injury case in which plaintiff Judy Dilley alleges that she was injured while horseback riding. Defendants Holiday Acres Stables, Holiday Acres Properties, Inc., and Steve Krier owned and operated the horseback riding facility where Dilley was injured.

    "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Dilley asserts diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1, ¶ 6. The party invoking federal jurisdiction—here Dilley—bears the burden of establishing that jurisdiction is present. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). At this point, Dilley has not adequately alleged a basis from which the court can exercise jurisdiction over her case. Thus, the court will direct Dilley to file an amended complaint.

    Dilley alleges that she is a resident of Bloomington, Illinois. Dkt. 1, ¶ 1. She also alleges that Krier is a resident of Rhinelander, Wisconsin. *Id.* ¶ 5. "But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a

person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). In amending her complaint, Dilley must allege the citizenship of each individual party (including herself) by alleging that individual's domicile, not his or her residence.

As for Holiday Acres Properties, Inc., Dilley alleges that it "is a corporation licensed under the laws of Wisconsin." Dkt. 1, ¶ 4. The court construes this allegation to mean that Holiday Acres Properties, Inc. is incorporated under Wisconsin law, rather than just a corporation that is authorized to do business in this state. Dilley should clarify this in her amended complaint. Regardless, a lone allegation about the state of incorporation is not enough to determine a corporation's citizenship. Under 28 U.S.C. § 1332(c), Dilley must also allege Holiday Acres Properties, Inc.'s principal place of business.

Finally, it is not clear whether Holiday Acres Stables is a separate entity or simply the business name for one of the other defendants. Dilley's complaint suggests that Holiday Acres Stables is a separate entity. *Id.* ¶ 2 ("Holiday Acres Stables ran a horse back [sic] riding facility located in Rhinelander, Wisconsin, affiliated with or owned by Holiday Acres Properties, Inc.").[1] But if that is true, then Dilley has failed to allege its citizenship. She does not identify Holiday Acres Stables's state of incorporation and principal place of business (if it is a corporation) or the citizenships of its members (if it is some other type of company). In amending her complaint, Dilley must confirm whether she is suing Holiday Acres Stables as a separate defendant or as a "d/b/a" of one of the existing defendants. And if Dilley means for

---

[1] Holiday Acres Properties, Inc.'s answer suggests that Holiday Acres Stables is not an actual business entity, Dkt. 8, ¶ 5, and Krier's answer affirmatively alleges that he was doing business under the name Holiday Acres Stables, Dkt. 15, ¶ 5.

Holiday Acres Stables to be a separate defendant, then she must allege what type of business it is and the state or states of which it is a citizen.

In short, the court cannot determine the citizenships of any of the parties to this suit. Thus, Dilley has not alleged a basis from which the court can exercise subject matter jurisdiction over her case. Rather than dismiss the case outright, the court will afford Dilley an opportunity to amend her complaint. If Dilley fails to timely amend, or if she fails to adequately allege a complete diversity of citizenship, then the court will dismiss this case for lack of subject matter jurisdiction.

## ORDER

IT IS ORDERED that:

1. Plaintiff Judy Dilley may have until July 20, 2016, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining whether the court has subject matter jurisdiction under 28 U.S.C. § 1332.

2. If plaintiff fails to timely amend her complaint, then the court will dismiss this case for lack of subject matter jurisdiction.

Entered July 6, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge